UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAY M. HENKE,

                Petitioner,

v.                                          **DECISION AND ORDER**
                                                        10-CR-250S
                                                        11-CV-871S

UNITED STATES OF AMERICA,

                Respondent.

## I. INTRODUCTION

Presently before this Court is the Motion of pro se Petitioner Jay Henke to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Petitioner's § 2255 motion is denied.

## II. BACKGROUND

On September 22, 2010, Petitioner appeared before this Court, waived indictment, and pled guilty to a one-count Information charging him with possession of child pornography in violation of 18 U.S.C. § 2252A (a)(5)(B). (See Docket Nos. 17-19.) The plea agreement signed by Petitioner reflects his understanding that the maximum penalty that could have been imposed at sentencing included a ten-year term of imprisonment with a term of supervised release of five years to life. (Plea Agreement ¶ 1, Docket No. 18.) The term of supervised release agreed to as part of Petitioner's sentencing range was also five years to life. (Plea Agreement ¶ 13.) The agreement also includes Petitioner's acknowledgment that he would be required to register in compliance with the Sex Offender Registration and Notification Act. (Plea Agreement ¶ 4.) Finally, as relevant, by entering

into the plea agreement Petitioner "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶13, . . . notwithstanding the manner in which the Court determines the sentence." (Id. ¶ 23.)

Petitioner was sentenced on February 25, 2011 to a term of incarceration of 27 months with a 10-year term of supervised release. (Docket Nos. 27, 31.) No appeal was filed. (Petition ¶ 8, Docket No. 36.) The instant § 2255 motion was initially filed by Petitioner on September 28, 2009 (Docket No. 32.) This motion was sealed, and Petitioner filed a redacted version of his motion shortly thereafter. (Docket No. 36.) Respondent filed an opposing Memorandum of Law. (Docket No. 37.) No reply was submitted by Petitioner.

### III.  DISCUSSION

#### A.  Petitioner's § 2255 Motion

28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (a). The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes

a fundamental defect which inherently results in a complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)).

In his motion for relief pursuant to § 2255 , Petitioner requests that this court reduce his term of supervised release from ten to five years, and reduce the time period during which he is required to maintain his registration as a sex offender. He does not dispute, however, that his term of supervised release falls within the agreed-upon sentencing range. This claim is therefore barred by the express waiver in Petitioner's plea agreement of his right to appeal and collaterally attack any component of the sentence imposed by the Court, including the term of supervised release. Further, "[t]o raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary." Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008), *cert denied* 555 U.S. 1197 (2009); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (reasons for enforcing waivers of direct appeal apply equally to waivers of collateral attack). Here, Petitioner does not dispute that the plea agreement was knowingly and voluntarily made, nor does he raise any challenge regarding the constitutionality of the process by which he waived his right to collaterally attack the sentence. Accordingly, the waiver is enforceable. United States v. Peterson, – F.Supp.2d –, 2012 WL 4473263, *3 (S.D.N.Y. 2012) (citing United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001).

Further, at sentencing this Court required Petitioner, in accordance with the plea agreement, to register with the state sex offender registration agency in any state in which he resides as a condition of his supervised release. (Docket Nos. 18, 27.) The parameters of his registration requirement, including the length of time he is obligated to register, are

therefore governed by state statute. See United States v. Rosario, 386 F.3d 166, 172 (2d Cir. 2004) (requirement to register "as a sex offender will trigger various state obligations, including a duty to classify the registrant"); People v Bretan, 84 A.D.3d 906, 906-7, 922 N.Y.S.2d 542, 543 (N.Y.A.D. 2d Dep't 2011) (reviewing state court determination of sex offender level following defendant's release from federal prison for child pornography conviction); see generally N.Y. Correction Law § 168 *et seq*. (New York Sex Offender Registration Act). Any objections to the requirements of his registration should be raised in accordance with state procedures.

**B.    Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted), *cert denied* 538 U.S. 950 (2003). Petitioner has made no such substantial showing of the denial of a constitutional right in this case.

## IV.  CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence is denied. If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit

in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

### V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket Nos. 32, 36) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, it is hereby certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

FURTHER, that the Clerk of the Court is directed to close 11-CV-871S.

SO ORDERED.

Dated: November 10, 2012
      Buffalo, New York

                                               /s/William M. Skretny
                                               WILLIAM M. SKRETNY
                                                     Chief Judge
                                          United States District Judge